IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00021-BNB

SANFORD B. SCHUPPER,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
TOM CLEMENTS, Executive Director,

    Respondents.

## ORDER

    This matter is before the Court on Applicant's objection (ECF No. 22) to the portion of a minute order entered by Magistrate Judge Boyd N. Boland that denied Applicant's motion for a protective order. For the reasons discussed below, the objection will be overruled.

    Applicant is a prisoner in the custody of the Colorado Department of Corrections. Applicant initiated this action by filing *pro se* a document titled "Petition for Writ of Habeas Corpus Pursuant to 28 USCS § 2254 and Request to Proceed *In Forma Pauperis*" (ECF No. 1) challenging the validity of his state court criminal conviction. On January 10, 2012, Magistrate Judge Boland entered an order directing Applicant to cure certain deficiencies if he wishes to pursue his claims in this action. More specifically, Magistrate Judge Boland directed Applicant to file an application for a writ of habeas corpus on the court-approved form and either to pay the $5.00 filing fee or to file on the court-approved form a properly supported motion seeking leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.

On January 30, 2012, Applicant filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and on March 16, 2012, he submitted a certified copy of his inmate trust fund account statement (ECF No. 7) in support of the *in forma pauperis* motion.  As a result, the only remaining deficiency is Applicant's failure to file a pleading using the court-approved habeas corpus application form.  Applicant has sought and been granted five extensions of time to cure the remaining deficiency.

On May 16, 2012, Applicant filed a Motion for Protective Order (ECF No. 16) seeking a court order to protect his "word processing files presently stored on the servers/computers in the Colorado Department of Corrections' CMC Law Library from deletion except upon the express request of applicant or further Order from this Court." (ECF No. 16 at 2.)  Applicant alleged that the files in question relate to the instant action and another pending case; that he might be released pursuant to a motion for appeal bond pending in the Colorado Court of Appeals; that he lacks sufficient funds for printed copies of the computer files; and that he would be substantially prejudiced if the files are not provided to him upon his release or transfer to another facility.  In a minute order (ECF No 19) entered on May 21, 2012, Magistrate Judge Boland granted Applicant's fifth motion for an extension of time and denied two other pending motions, including the Motion for Protective Order.

Applicant objects to the portion of Magistrate Judge Boland's May 21 minute order that denied his Motion for Protective Order.  Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and

determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's denial of the Motion for Protective Order is not clearly erroneous or contrary to law. Although Applicant contends that a portion of his files recently were lost "[d]ue to technical problems/accidental deletion by staff at the Sterling Correctional Facility Law Library" (ECF No. 21 at 2), that allegation is not related to the allegations Applicant raised in support of the Motion for Protective Order. With respect to the allegations in the Motion for Protective Order, Applicant does not indicate that he has had any problems accessing his computer files despite being transferred to new facilities at least two times while this case has been pending. Therefore, Applicant's objection will be overruled. Accordingly, it is

ORDERED that Applicant's objection (ECF No. 22) is overruled.

DATED at Denver, Colorado, this  13th  day of     June    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court