IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00021-BNB

SANFORD B. SCHUPPER,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
TOM CLEMENTS, Executive Director,

    Respondents.

ORDER

    This matter is before the Court on several motions and other papers filed by Applicant, Sanford B. Schupper. Mr. Schupper is a prisoner in the custody of the Colorado Department of Corrections and he currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Schupper initiated this action by filing *pro se* a document titled "Petition for Writ of Habeas Corpus Pursuant to 28 USCS § 2254 and Request to Proceed *In Forma Pauperis*" (ECF No. 1). On January 10, 2012, the court entered an order directing Mr. Schupper to cure deficiencies if he wishes to pursue his claims in this action. More specifically, the court directed Mr. Schupper to file an application for a writ of habeas corpus on the court-approved form and either to pay the $5.00 filing fee or to file on the court-approved form a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On January 30, 2012, Mr. Schupper filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3), and on March 16, 2012,

he submitted a certified copy of his inmate trust fund account statement (ECF No. 7) in support of the *in forma pauperis* motion. As a result, the only remaining deficiency was Mr. Schupper's failure to file a pleading using the court-approved habeas corpus application form. Mr. Schupper subsequently sought and was granted seven extensions of time to cure the remaining deficiency. Most recently, on August 7, 2012, the court entered a minute order granting Mr. Schupper's seventh request for an extension of time and directed him to cure the remaining deficiency on or before August 31, 2012. The court advised Mr. Schupper that no further extensions of time would be granted absent extraordinary circumstances and that Mr. Schupper's decision to pursue other litigation was not an extraordinary circumstance that would justify an extension of time.

On September 6, 2012, Mr. Schupper filed a motion for an extension of time (ECF No. 32) until September 14, 2012, to cure the remaining deficiency alleging he was not receiving sufficient time in the law library. On September 18, 2012, Mr. Schupper filed another motion for an extension of time (ECF No. 33) alleging he had been removed from the general population and placed in segregation on September 6 and had no access to his legal files while in segregation. Mr. Schupper also alleged in the September 18 motion that his amended habeas corpus application to be filed in this action was completed and required only proof-reading and printing in order to be filed. Mr. Schupper also alleged in the September 18 motion that he would be held in segregation for approximately fifteen days.

On October 1, 2012, Mr. Schupper filed a Motion for Leave to File Oversized 2254 Petition (ECF No. 34). Mr. Schupper alleges in the October 1 motion, which was

signed on September 19, that he remains in segregation, his amended application is ready to be proof-read and printed, he does not have access to the law library, he will be released from segregation on September 21, 2012, he will be able to access the law library within the next ten days, and his amended application is between sixty and seventy pages long.

On October 2, 2012, Mr. Schupper filed a Supplement to Motion for Enlargement of Time (ECF No. 35) requesting an extension of time until October 19, 2012, to cure the remaining deficiency by filing an amended application on the proper form.  Mr. Schupper alleges in support of this request that he has not had access to the law library since September 4 and that his prior access to the law library was not adequate.  Mr. Schupper also alleges in the October 2 motion that he is proceeding *pro se* in a number of state and federal court actions with pending deadlines and that he suffers from post-traumatic stress disorder "which makes reading, reviewing & writing regarding [his] legal matters particularly painful, traumatic and perhaps more time-consuming to digest and analyze & describe for [his] legal pleadings."  (ECF No. 35 at 11.)

On October 4, 2012, Mr. Schupper filed a letter to the court (ECF No. 36) alleging that he completed his amended application on October 2, 2012, but is unable to file the amended application because a prison official in the law library refuses to print the amended application, which is fifty-eight pages long, unless Mr. Schupper presents an order granting his prior motion to file an oversized petition.  Attached to the motion is a copy of a Photocopy Request Form apparently submitted by Mr. Schupper to prison officials on October 2, 2012.  (*See* ECF No. 36 at 3.)  It is not clear how Mr. Schupper's request for photocopies is related to the printing of the amended application, and there

is no indication on the Photocopy Request Form Mr. Schupper submitted as to whether the request for photocopies was granted or denied.

On October 9, 2012, Mr. Schupper filed three documents. The first document is a letter to the court (ECF No. 37) in which Mr. Schupper states that his amended application is fifty-eight pages long and includes twelve claims, that an official in the prison law library refuses to print more than thirty pages of the amended habeas corpus application absent an order directing her to print the other twenty-eight pages, and that the refusal to print the remaining twenty-eight pages is not due to a lack of funds in Mr. Schupper's inmate account. The second document filed on October 9 is a motion to file the amended application out of time (ECF No. 38). The third document filed on October 9 is an amended application (ECF No. 39) on the proper form that is twenty-seven pages long and includes three claims for relief. A two-page exhibit also is attached to the amended application.

Mr. Schupper's motion to file the amended application out of time (ECF No. 38) will be granted. Because the amended application will be accepted as timely filed, the prior motions for extensions of time (ECF Nos. 32 & 33) will be denied as moot. Mr. Schupper's Motion for Leave to File Oversized 2254 Petition (ECF No. 34) will be denied because the court will not interfere with internal prison regulations regarding printing and photocopying legal papers. Mr. Schupper may submit any other pages asserting additional claims as a supplement to the amended application within twenty-one days. If Mr. Schupper is unable to print the additional pages, the additional pages he wishes to submit may be handwritten. If Mr. Schupper fails to submit a supplement to the amended application within twenty-one days, the court will proceed to review the

three claims in the amended application filed on October 9.  Accordingly, it is

ORDERED that Applicant's motion to file the amended application out of time (ECF No. 38) is GRANTED.  It is

FURTHER ORDERED that Applicant's motions for extensions of time (ECF Nos. 32 & 33) are DENIED as moot.  It is

FURTHER ORDERED that Applicant's Motion for Leave to File Oversized 2254 Petition (ECF No. 34) is DENIED.  It is

FURTHER ORDERED that Applicant shall have **twenty-one (21) days from the date of this order** to submit any additional pages as a supplement to the amended application.

DATED October 17, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge