IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00021-BNB

SANFORD B. SCHUPPER,

Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
TOM CLEMENTS, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Sanford B. Schupper, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Schupper has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 39) and a supplement to the application (ECF No. 47) asserting twelve claims for relief. On January 4, 2013, Mr. Schupper filed a "Second Supplement to Petition for Writ of Habeas Corpus" (ECF No. 66) in which he asserts a claim designated claim 13, although he has not filed a motion for leave to file the second supplement. On January 25, 2013, Mr. Schupper filed a motion for leave to file a second supplement (ECF No. 70) that includes a claim designated claim 14. Mr. Schupper is challenging the validity of his conviction and sentence in case number 96CR1193 in the El Paso County District Court.

On November 16, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On December 31, 2012, Respondents filed their Pre-Answer Response (ECF No. 64) arguing that the entire action should be dismissed because certain claims are not cognizable habeas corpus claims, certain claims are untimely, and certain claims are unexhausted and procedurally defaulted. Mr. Schupper has not filed a reply to the Pre-Answer Response despite being given an opportunity and extensions of time to do so.

The Court must construe the papers filed by Mr. Schupper liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Schupper agreed to plead guilty to one count of racketeering in February 2006, and he originally was sentenced to twelve years of probation. On December 30, 2010, Mr. Schupper's probation was revoked and he was resentenced to twelve years in prison and five years of mandatory parole. Mr. Schupper has appealed from the revocation of his probation, and that appeal remains pending in the Colorado Court of Appeals.

Mr. Schupper initiated the instant action on January 4, 2012. In the amended application filed on October 9, 2012, as supplemented on November 13, 2012, he specifically asserts the following twelve claims for relief:

1. The trial court lacked jurisdiction over the probation revocation proceedings

because Mr. Schupper's direct appeal still was pending before the Colorado Court of Appeals. (ECF No. 39-1 at 8.)

2. Counsel was ineffective (a) when advising Mr. Schupper with respect to his guilty plea; (b) in connection with alleged modifications of the conditions of Mr. Schupper's probation; (c) at Mr. Schupper's probation revocation hearing; and (d) "when the People of the State of Colorado moved to revoke a bond in place in 2007, specifically contrary to the terms of the plea agreement which resulted in the immediate incarceration" of Mr. Schupper. (ECF No. 39-2 at 3.)

3. Mr. Schupper's guilty plea was unknowing and involuntary because he was not advised properly regarding the consequences of his sentence to probation. (ECF No. 39-2 at 8.)

4. Mr. Schupper was denied due process when the agreed-upon conditions of probation were modified without notice or good cause. (ECF No. 47 at 3.)

5. Mr. Schupper was denied due process because the "El Paso County District Court proceeded on '4th Amended Complaint and Report' in the 30 December 2010 revocation proceeding when it had previously advised Applicant and Applicant's counsel that it would not proceed on those new/amended claims." (ECF No. 47 at 6.)

6. Mr. Schupper's prison sentence imposed on December 30, 2010, is illegal because it was not imposed nunc pro tunc to February 7, 2006, the date of his original sentence to probation. (ECF No. 47 at 7.)

7. The Colorado Court of Appeals improperly dismissed with prejudice case number 10CA655 (challenging modification of probation conditions) for failure to timely file an opening brief. (ECF No. 47 at 8.)

8. The trial court failed to rule on numerous pending motions prior to revoking Mr. Schupper's probation. (ECF No. 47 at 9.)

9. Mr. Schupper fraudulently was induced into pleading guilty by the prosecution. (ECF No. 47 at 10.)

10. Colorado Revised Statute § 18-1.3-204(4), which allows for modification of the conditions of probation, is unconstitutional. (ECF No. 47 at 12.)

11. The trial court improperly allowed hearsay evidence at the probation revocation hearing. (ECF No. 47 at 14.)

12. There was insufficient evidence to support revocation of Mr. Schupper's probation. (ECF No. 47 at 15.)

As noted above, Mr. Schupper includes a claim designated claim 13 in his "Second Supplement to Petition for Writ of Habeas Corpus" (ECF No. 66). Mr. Schupper contends in claim 13 that he was denied due process because the trial court failed to transcribe certain audio recordings played during the probation revocation hearing which demonstrate there was insufficient evidence to revoke his probation. Mr. Schupper includes a claim designated claim 14 in a motion for leave to file a second supplement (ECF No. 70). He contends in claim 14 that he was denied an advisement required under state law in the probation revocation proceedings.

Respondents contend that claims 1, 6, 7, and 8 are not cognizable in this habeas corpus action because those claims do not raise any federal constitutional issues. Respondents contend that claims 2(a), 3, and 9 are barred by the one-year limitation period in 28 U.S.C. § 2244(d). Finally, Respondents contend that claims 2(b), 2(c), 2(d), 4, 5, 10, 11, and 12 are unexhausted and procedurally defaulted, although Respondents do not present any specific argument for why the ineffective assistance of counsel arguments in claims 2(b), 2(c), and 2(d) are procedurally defaulted. Respondents have not addressed claims 13 and 14 because Mr. Schupper sought to raise those claims after the Pre-Answer Response was filed.

The Court first will address the exhaustion arguments.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Mr. Schupper concedes that he has not exhausted state remedies for some, and perhaps all, of his claims. In any event, the Court finds that he fails to demonstrate he has fairly presented any claims to the Colorado Supreme Court. However, Mr. Schupper argues that he should not be required to exhaust state remedies because there is no adequate or effective remedy available to him in the Colorado state courts. He specifically contends as follows:

> Requiring exhaustion would cause irreparable damage to the Applicant's federal rights because the petitioner is already an at[-]risk adult, and will turn 64 years old in May of this year. Applicant is in poor physical health and approaching his sunset years, and will likely have forfeited his few remaining productive years before exhaustion procedures can be completed, given that Applicant has approximately 10 more years to serve in custody before his mandatory release date in 2022. Requiring exhaustion would cause irreparable injury to the Applicant's rights due to the undue delay in the state courts risks mooting the petitioner's federal rights before he reaches the federal courts. As examples, Applicant presently has a 2005 (filed 7 years ago) case (Case #05CA764) before the Colorado Court of Appeals in related matters that is still pending the opening brief. Applicant has another related case in the Colorado Court of Appeals that was filed in 2007 (5 years ago) that has recently had its opening brief filed and has a delayed reply brief due. Applicant has already served his prison sentence in one of these appeal cases [(]Case # 05CA764) and the appeal process, now 7 years in process is just in the opening brief phase with the Respondent continually requesting additional time because they are just "too busy" to write a Response Brief. Said delays are and were in no part due to the fault of the Applicant. Requiring exhaustion would be egregiously unfair to the Applicant for these reasons among others. These factors construe [sic] circumstances that render such processes ineffective to protect the rights of the Applicant and render Applicant's appeals to the Colorado State Appellate Courts essentially futile and moot.

(ECF No. 39-1 at 7.)

Inexcusable or inordinate delay in state court proceedings may make the state process ineffective to protect a habeas applicant's rights and excuse a failure to exhaust state remedies. *See Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994); *see also* 28 U.S.C. § 2254(b)(1)(B). In the context of a direct criminal appeal, a delay that exceeds two years creates a presumption that the state appellate process is ineffective. *See id.* at 1556. However, the facts in a particular case may justify excusing the exhaustion requirement even when the delay is less than two years. *See id.*

Mr. Schupper fails to cite any authority to support his arguments that his age and alleged poor physical health justify excusing the exhaustion requirement. He also fails to allege facts that demonstrate he has been subjected to inexcusable or inordinate delay attributable to the government with respect to his pending appeal from the revocation of his probation in December 2010. Although Mr. Schupper alleges that he has experienced significant delays with respect to two other appeals in the Colorado state courts, he fails to allege or demonstrate that his appeal from the revocation of his probation similarly has been delayed. In fact, the records submitted by Respondents demonstrate that Mr. Schupper has requested multiple extensions of time during the course of his pending appeal from the revocation of his probation and that he did not file his opening brief in that appeal until September 11, 2012. (*See* ECF Nos. 64-4 at 3; 64-8.) Therefore, the Court finds that Mr. Schupper fails to demonstrate the state process is ineffective to protect his rights or that the exhaustion requirement should be waived.

As noted above, Respondents maintain that some of Mr. Schupper's unexhausted claims also are procedurally defaulted. However, Respondents do not specifically argue that Mr. Schupper's ineffective assistance of counsel arguments in

claims 2(b), 2(c), and 2(d) are procedurally defaulted. In fact, Respondents specifically note that ineffective assistance of counsel claims generally are raised by postconviction motion in Colorado and that Mr. Schupper has not sought postconviction relief in state court because his direct appeal from the probation revocation proceedings remains pending. (*See* ECF No. 64 at 20 n.6.) Therefore, because there is no argument or indication that the ineffective assistance of counsel arguments in claims 2(b), 2(c), and 2(d) are procedurally barred, those claims must be dismissed without prejudice for failure to exhaust state remedies. Furthermore, given that at least three claims must be dismissed without prejudice for failure to exhaust state remedies, the Court cannot dismiss any of Mr. Schupper's remaining claims with prejudice, which would operate as a decision on the merits, even if those claims do not raise federal constitutional issues, are time-barred, or are procedurally barred because dismissing any claims with prejudice would impair Mr. Schupper's ability to raise in a second or successive application any claims that are dismissed without prejudice. Therefore, the Court will not address Respondents' other arguments in the Pre-Answer Response. Instead, the entire action will be dismissed without prejudice as a mixed petition for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24. Accordingly, it is

ORDERED that Applicant's claims in the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 39) and the supplement to the application (ECF No. 47) are denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that the motion for leave to file a second supplement (ECF No. 70) is DENIED as moot. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 18th day of April, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court